**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re: Subpoena to Scott M. Padiak in the action:** | |
| | Misc. Case No.: 1:24-cv-11583 |
| Aaron DeJule, | |
|       Plaintiff, | |
|       v. | |
| MillerKnoll, Inc., | |
|       Defendant. | |
| Case No. 1:23-CV-00969-RJJ-SJB pending in the United States District Court for the Western District of Michigan | |

## MILLERKNOLL, INC.'S MOTION COMPEL PRODUCTION OF DOCUMENTS

## I.       INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 37 and 45, Movant MillerKnoll, Inc. ("MillerKnoll") brings this miscellaneous action to compel Mr. Scott Padiak, who resides within this District, to produce documents in response to a subpoena served on him, pursuant to Rule 45, in connection with an underlying patent-infringement action pending in U.S. District Court for the Western District of Michigan.

The Court should grant MillerKnoll's motion and order Mr. Padiak to immediately produce all documents responsive to the subpoena he has agreed to produce.

## II.      BACKGROUND

Movant MillerKnoll, Inc. is a Michigan-based company that has been designing and manufacturing home and office furniture for more than 100 years. MillerKnoll has collaborated with innovative designers to create some of the most iconic furniture products of the last century, including the Aeron Chair and the Eames Lounge Chair and Ottoman, among dozens of other celebrated and well-known designs.

A little over a year ago, Aaron DeJule sued MillerKnoll in the U.S. District Court for the Western District of Michigan ("the Michigan Action"), accusing MillerKnoll's Cosm® office chair of infringing his patents related to a chair tilt mechanism. *DeJule v. MillerKnoll, Inc.*, No. 23-CV-969 (W.D. Mich.); Declaration of Brian Apel ("Apel Decl."), submitted herewith, Ex. 1. Mr. DeJule asserts six patents against MillerKnoll, and Mr. Padiak is a named co-inventor with Mr. DeJule on all six patents. Apel Decl., Ex. 1 at pp. 36, 71, 110, 133, 156, 201. Fact discovery in the Michigan Action closes February 24, 2025. Apel Decl., Ex. 2.

On September 4, 2024, MillerKnoll served Mr. Padiak (who is represented by the same counsel as Mr. DeJule) with a Rule 45 subpoena for documents related to Mr. DeJule's patents.

1

Apel Decl., Exs. 3–4. On September 20, 2024, Mr. Padiak served responses and objections to the subpoena and agreed to produce documents. Apel Decl., Ex. 5 at 4–22. The subpoena requested Mr. Padiak produce documents on September 30, 2024. Apel Decl., Ex. 3 at 3. Notably, Mr. Padiak did not object to this September 30, 2024, date for production. *See* Apel Decl., Ex. 5.

On October 7, 2024, having not received any documents from Mr. Padiak, MillerKnoll asked for a date certain by which Mr. Padiak would produce his documents. Apel Decl., Ex. 6 at 12–13. After multiple follow-ups, over two weeks later, on October 23, 2024, Mr. Padiak's counsel stated he would produce his documents on November 1 "if not sooner." *Id.* at 9.

Mr. Padiak did not produce any documents by November 1, 2024. Apel Decl. ¶ 9. When asked, Mr. Padiak's counsel responded that "it has taken longer than anticipated to collect and produce any documents," but without further detail, explanation, or a date certain by which he would make his production of documents. Apel Decl., Ex. 6 at 7.

This motion to compel follows a telephone conference with Mr. Padiak's counsel on November 6, 2024, during which Mr. Padiak's counsel again would not provide a date certain for his production of documents.

## III.    LEGAL STANDARD

Rules 37 and 45 allow parties to move to compel nonparties to comply with subpoenas. Fed. R. Civ. P. 37(a)(1) & (2) ("[A] party may move for an order compelling … discovery."; "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."); Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."); *E.g.*, *In re Kraft Heinz Sec. Litig.*, No. 19-CV-1339, 2022 WL 19830663, at *2 (N.D. Ill. Dec. 5, 2022) (compelling third party to produce documents in

response to subpoena).

## IV. ARGUMENT

This motion is on a straight forward issue. Mr. Padiak was properly served with a subpoena for documents. Apel Decl., Exs. 3–4. Mr. Padiak responded that he would produce documents in response to the subpoena. Apel Decl., Ex. 5 at 4–22. Mr. Padiak did not object to the requested September 30 date for production, *see id.*, and therefore any objection related thereto is waived. *E.g.*, *Keen v. Merck Sharp & Dohme Corp.*, No. 15-CV-1178, 2019 WL 1595883, at *4 (N.D. Ill. Apr. 15, 2019), *aff'd*, 819 F. App'x 423 (7th Cir. 2020) ("Wheels waived any objections to the subpoena when it failed to object within the required time limits."). MillerKnoll cannot continue to wait for Mr. Padiak's document production; fact discovery closes in less than four months, Apel Decl., Ex. 2, and other discovery and depositions must follow Mr. Padiak's production.

The discovery MillerKnoll seeks from Mr. Padiak, *see* Apel Decl., Ex. 3, is relevant, reasonable, and proportional to the needs of the case. Mr. Padiak is one of the three named inventors on all of the asserted patents in the Michigan Action. Apel Decl., Ex. 1 at pp. 36, 71, 110, 133, 156, 201. In addition, Aaron DeJule identified Mr. Padiak on his Rule 26(a)(1)(A) initial disclosures as having discoverable information relevant to his claims including relating to the "invention of the patented technology." Apel Decl., Ex. 7 at 2. MillerKnoll seeks documents from Mr. Padiak about the inventive process (RFP Nos. 1–8), documents relevant to damages such as agreements and licenses related to chairs as well as litigation funding (RFP Nos. 9–13, 20–23), documents about this lawsuit (RFP Nos. 14–17), and his communications with his co-inventors (RFP Nos. 18–19). Apel Decl., Ex. 3.[1]

---

[1] While Mr. Padiak has made objections to the subpoena, Apel Decl., Ex. 5, and while MillerKnoll and Mr. Padiak may later dispute one or more of the specific document requests in the subpoena, any such dispute is not ripe until Mr. Padiak has produced the documents he has agreed to produce.

Mr. Padiak is represented by counsel (the same counsel as Mr. DeJule), *see* Apel Decl., Ex. 4, and has no excuse for failing to timely comply with the subpoena. And MillerKnoll has tried to avoid involving the Court, reaching out to Mr. Padiak's counsel multiple times—all to no avail. Apel Decl., Ex. 4 at 1–2; Apel Decl., Ex. 6 at 1–2, 5, 7, 9–10, 12–13.

## V.     CONCLUSION

The Court should grant MillerKnoll's motion and order Mr. Padiak to immediately produce all documents responsive to the subpoena he has agreed to produce.

Dated: November 11, 2024                     Respectfully submitted,

                                             /s/ Brian Apel
                                             _____

                                             Erik S. Maurer
                                             emaurer@bannerwitcoff.com
                                             Brian Apel
                                             bapel@bannerwitcoff.com
                                             Banner & Witcoff, Ltd.
                                             71 South Wacker Drive, Suite 3600
                                             Chicago, IL 60606-7407
                                             Telephone: (312) 463-5000
                                             Facsimile: (312) 463-5001

                                             *Attorneys for Movant MillerKnoll, Inc.*

## **LR 37.2 CERTIFICATION**

Pursuant to LR 37.2, MillerKnoll certifies that counsel for MillerKnoll and counsel for Mr. Padiak have both telephonically and in written correspondence conferred in good faith about the matters described herein. The parties have thus conferred in good faith to attempt to resolve the dispute but were unable to reach an accord.

Dated: November 11, 2024                              By: /s/ Brian Apel_____

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system.

I also hereby certify that a true and correct copy is being sent today via electronic mail to the following counsel of record in the underlying Michigan case:

R. Michael Azzi
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, Michigan 49503-2832
Telephone: 616.752.2784
mazzi@wnj.com

Jason C. White
Scott D. Sherwin
Michael T. Sikora
Morgan, Lewis, & Bockius, LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312.324.1000
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
michael.sikora@morganlewis.com

Brandon Pongracz
Morgan, Lewis, & Bockius, LLP
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Telephone: 415.442.1000
brandon.pongracz@morganlewis.com

Attorneys for Plaintiff Aaron DeJule

Dated: November 11, 2024                    /s/ Brian Apel

6